**HOUSTON & T. C. R. CO. v. PRUITT et al. (No. 503.)**

Court of Civil Appeals of Texas. Waco. March 24, 1927.

**1. Trial ☞333—Verdict granting damages in excess of those claimed under pleadings and shown by testimony held improper.**

In action for damages, plaintiff could not recover greater amount than damages sought by pleadings or supported by testimony.

**2. Judgment ☞198—Unless jury's finding is supported by evidence, judgment should not be entered thereon.**

Judgment should not be entered on jury's finding, which is not supported by evidence.

Error from Leon County Court; W. D. Lacey, Judge.

Suit by Oscar Pruitt and others against the Houston & Texas Central Railroad Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Garrison & Watson, of Houston, John Newsom, of Buffalo, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

Jas. T. Ryan and Wm. Watson, both of Centerville, for defendants in error.

BARCUS, J. This suit was instituted by defendants in error against plaintiff in error, to recover damages which they claimed to have suffered in the shipment of two cars of cattle over the line of railway of plaintiff in error from Robbins, Tex., to Fort Worth.

[1, 2] Defendants in error alleged that their damages to the cattle were $244.41. There were only two witnesses who testified with reference to the amount of said dam-

ages, each of them being connected with the stockyards in Fort Worth. Under the testimony of Mr. Schwartz, the extreme damages suffered were $221.21. Under the testimony of Mr. Watson, the extreme damages were $147.30. The jury returned a verdict for $285. Plaintiff in error contends that the verdict of the jury and judgment based thereon are not supported either by the pleadings or the testimony. We sustain this assignment. In no event were the defendants in error entitled to more than $244.41 as damages to the cattle, the amount they alleged they had suffered, and it is elementary that a judgment should not be entered on a jury's finding which is not supported by the evidence.

Appellees, in addition to the damages which they claimed were caused the cattle by reason of the method in which they were handled in transit, alleged that they had to hold the cattle in Fort Worth for 36 hours in order to restore them to a marketable condition, and that, in consequence thereof, and by reason of the expense and loss of time to which they were thereby subjected, they sustained, in addition to the actual damage to the cattle, $255. This element of damages was not submitted to the jury, and the evidence shows beyond dispute that the cattle arrived at the market in Fort Worth about 10 o'clock Saturday morning, and were unloaded and sold on Saturday morning's market, and there was no evidence to sustain appellees' claim for damages by reason of the cattle being held in Fort Worth.

The judgment of the trial court is reversed, and the cause remanded.